**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| FINOC DESIGN CONSULTING OY, | |
| Plaintiff, | |
| v. | Civil Action No. _____ |
| 2WIRE INC., | **TRIAL BY JURY DEMANDED** |
| 3COM CORP., | |
| ACTIONTEC ELECTRONICS, INC., | |
| CISCO SYSTEMS, INC., | |
| DIAMOND MULTIMEDIA, INC., | |
| D-LINK SYSTEMS, INC., | |
| STROWGER, INC. d/b/a DRAYTEK US, | |
| MOTOROLA, INC., | |
| NETOPIA, INC., | |
| NETGEAR, INC., | |
| SMC NETWORKS, INC., | |
| TRENDNET SYSTEM, INC., | |
| WESTELL TECHNOLOGIES, INC., | |
| ZOOM TECHNOLOGIES, INC., and | |
| ZYXEL COMMUNICATIONS, INC., | |
| Defendants. | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff, FINOC Design Consulting Oy, by its attorneys, hereby complains against

Defendants 2Wire, Inc., 3Com Corp., Actiontec Electronics, Inc., Cisco Systems, Inc., Diamond

Multimedia, Inc., D-Link Systems, Inc., Strowger, Inc. d/b/a Draytek US, Motorola Inc.,

Netopia, Inc., Netgear, Inc., SMC Networks, Inc., Trendnet System, Inc., Westell Technologies,

Inc., Zoom Technologies, Inc., and Zyxel Communications, Inc., as follows:

**I.**

**INTRODUCTION**

1.     On January 30, 2001, Prof. Hannu Heusala filed for a patent application in the

United States Patent Office seeking protection for a novel data transmission system.  The

application is based on an earlier patent application filed in the Finnish Patent Office on March

13, 2000.  On February 1, 2005, United States Patent No. 6,850,560 ("the '560 patent") issued

and was assigned to FINOC Design Consulting Oy.  The '560 patent is the result of Prof.

Heusala's extensive research in the field of xDSL data transmission and discloses an improved

system and method for the efficient transmission of digital data over existing telephone lines and

the reformatting of xDSL-formatted data at a customer site.

**II.**

**PARTIES**

2.      Plaintiff, FINOC Design Consulting Oy ("FINOC"), is a Limited Liability

Company organized and existing under the laws of Finland with its principal place of business in

Oulu, Finland.

3.      On information and belief, Defendant 2Wire, Inc. ("2WIRE") is a corporation

organized and existing under the laws of the State of Delaware, with its principal place of

business at 1704 Automation Parkway, San Jose, California 95131. 2WIRE may be served with

process by serving its registered agent, Incorporating Services, Ltd., 3500 South Dupont

Highway, Dover, Delaware 19901.

4.      On information and belief, Defendant 3Com Corporation ("3COM") is a

corporation organized and existing under the laws of the State of Delaware, with its principal

place of business at 350 Campus Drive, Marlborough, Massachusetts 01752-3064. 3COM may

be served with process by serving its registered agent, The Corporation Trust Company,

Corporation Trust Center 1209 Orange Street, Wilmington, Delaware 19801.

5.      On information and belief, Defendant Actiontec Electronics, Inc.

("ACTIONTEC") is a corporation organized and existing under the laws of the State of

California, with its principal place of business at 760 N Mary Ave, Sunnyvale, California 94085.

ACTIONTEC may be served with process by serving its registered agent, Dean Chang, 760 N
Mary Ave, Sunnyvale, California 94085.

6.      On information and belief, Defendant Cisco Systems, Inc. ("CISCO") is a
corporation organized and existing under the laws of the State of California, with its principal
place of business at 170 West Tasman Dr., San Jose, California 95134. CISCO may be served
with process by serving its registered agent, CSC – Lawyers Incorporating Service, 2730
Gateway Oaks Dr., Suite 100, Sacramento, California 95833.

7.      On information and belief, Defendant Diamond Multimedia, Inc. ("DIAMOND")
is a corporation organized and existing under the laws of the State of California, with its
principal place of business at 9650 De Soto Ave, Chatsworth, California 91311. DIAMOND may
be served with process by serving its registered agent, Weilin Chang, 4300 F St., Sacramento,
California 95819.

8.      On information and belief, Defendant D-Link Systems, Inc. ("D-LINK") is a
corporation organized and existing under the laws of the State of California, with its principal
place of business at 17595 Mt. Herrmann St, Fountain Valley, California 92708. D-LINK may be
served with process by serving its registered agent, Mancy Lemm, 17595 Mt. Herrmann St.,
Fountain Valley, California 92708.

9.      On information and belief, Defendant Strowger Inc. d/b/a Draytek US
("DRAYTEK") is a corporation organized and existing under the laws of the State of Missouri,
with its principal place of business at 344 NW Capital Dr, Lees Summit, Missouri 64064.
DRAYTEK may be served with process by serving its registered agent, Steven J. Vogel, 8905
Cyclone School Road, Lees summit, Missouri 64064.

10.     On information and belief, Defendant Motorola, Inc. ("MOI") is a corporation
organized and existing under the laws of the State of Delaware, with its principal place of

business at 1303 E. Algonquin Road, Schaumburg, Illinois 60196. MOI may be served with process by serving its registered agent, The Corporation Trust Company, Corporation Trust Center 1209 Orange Street, Wilmington, Delaware 19801.

11.     On information and belief, Defendant Netopia, Inc. ("NEI") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 1303 E. Algonquin Road, Schaumburg, Illinois 60196. NEI may be served with process by serving its registered agent, The Corporation Trust Company, Corporation Trust Center 1209 Orange Street, Wilmington, Delaware 19801.  NEI is a wholly owned subsidiary of MOI.  NEI and MOI are hereinafter collectively referred to as "MOTOROLA."

12.     On information and belief, Defendant Netgear, Inc. ("NETGEAR") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 350 E Plumeria Dr, San Jose, California 95134-1911.  NETGEAR may be served with process by serving its registered agent, Incorporating Services, Ltd., 3500 South Dupont Highway, Dover, Delaware 19901.

13.     On information and belief, Defendant SMC Networks, Inc. ("SMC") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 20 Mason, Irvine, California 92618.  SMC may be served with process by serving its registered agent, Lane Ruoff, 20 Mason, Irvine, California 92618.

14.     On information and belief, Defendant Trendnet System, Inc. ("TRENDNET") is a corporation organized and existing under the laws of the State of California, with its principal place of business at 20675 Manhattan Place, Torrance, California 90501.  TRENDNET may be served with process by serving its registered agent, Sharon Chang, 23240 Hawthorne Blvd, Ste 215, Torrance, California 90505.

15.     On information and belief, Defendant Westell Technologies, Inc. ("WESTELL") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 750 N Commons Dr, Aurora, Illinois 60504.  WESTELL may be served with process by serving its registered agent, The Corporation Trust Company, Corporation Trust Center 1209 Orange Street, Wilmington, Delaware 19801.

16.     On information and belief, Defendant Zoom Technologies, Inc. ("ZOOM") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 207 South Street, Boston, Massachusetts 02111.  ZOOM may be served with process by serving its registered agent, The Corporation Trust Company, Corporation Trust Center 1209 Orange Street, Wilmington, Delaware 19801.

17.     On information and belief, Defendant Zyxel Communications Inc. ("ZCI") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 1303 E. Algonquin Road, Schaumburg, Illinois 60196. MOI may be served with process by serving its registered agent, The Corporation Trust Company, Corporation Trust Center 1209 Orange Street, Wilmington, Delaware 19801.

### III.

### JURISDICTION AND VENUE

This Court has exclusive subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. § 271 *et seq.*

18.     This Court has personal jurisdiction over each Defendant because each Defendant has committed acts giving rise to this action within Texas and this judicial district and each Defendant further has established minimum contacts within the forum such that the exercise of

jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice.

19.     Venue properly lies in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b), because each Defendant has committed acts within this judicial district giving rise to this action, and each Defendant "resides" in this District as it is subject to personal jurisdiction in this District.  Venue is also appropriate because each Defendant does business in this judicial district, including one or more of the infringing acts of offering for sale, selling, and providing service and support to each of Defendants' respective customers in this District and they do so through established distribution channels.

## IV.

## CLAIMS

20.     FINOC realleges and incorporates by reference the allegations set forth in Paragraphs 1-20 above as if fully set forth herein.

21.     On February 1, 2005, United States Patent Number 6,850,560 (the '560 patent), was duly and lawfully issued for an invention entitled "Data Transmission Method, Terminal Equipment and Data Transmission System" to Prof. Hannu Heusala.  At issuance, FINOC owned, by assignment, the '560 patent and continues to hold the right to sue and recover for past, present, and future infringement thereof.  A true and correct copy of the '560 patent as issued is attached hereto as Exhibit A.

22.     2WIRE has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the '560 patent in this District and elsewhere by offering for sale, selling, and providing service and support to customers of its wireless xDSL products.

23.     3COM has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the '560 patent in this District and elsewhere by offering for sale, selling, and providing service and support to customers of its wireless xDSL products.

24.     ACTIONTEC has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the '560 patent in this District and elsewhere by offering for sale, selling, and providing service and support to customers of its wireless xDSL products.

25.     CISCO has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the '560 patent in this District and elsewhere by offering for sale, selling, and providing service and support to customers of its wireless xDSL products.

26.     DIAMOND has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the '560 patent in this District and elsewhere by offering for sale, selling, and providing service and support to customers of its wireless xDSL products.

27.     D-LINK has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the '560 patent in this District and elsewhere by offering for sale, selling, and providing service and support to customers of its wireless xDSL products.

28.     DRAYTEK has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the '560 patent in this District and elsewhere by offering for sale, selling, and providing service and support to customers of its wireless xDSL products.

29.     MOTOROLA has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the '560 patent in this District and elsewhere by offering for sale, selling, and providing service and support to customers of its wireless xDSL products.

30.     NETGEAR has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the '560 patent in this District and elsewhere by offering for sale, selling, and providing service and support to customers of its wireless xDSL products.

31.     SMC has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the '560 patent in this District and elsewhere by offering for sale, selling, and providing service and support to customers of its wireless xDSL products.

32.     TRENDNET has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the '560 patent in this District and elsewhere by offering for sale, selling, and providing service and support to customers of its wireless xDSL products.

33.     WESTELL has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the '560 patent in this District and elsewhere by offering for sale, selling, and providing service and support to customers of its wireless xDSL products.

34.     ZOOM has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the '560 patent in this District and elsewhere by offering for sale, selling, and providing service and support to customers of its wireless xDSL products.

35.     ZCI has been and is now infringing, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the '560 patent in this District and elsewhere by offering for sale, selling, and providing service and support to customers of its wireless xDSL products.

36.     Each of the Defendants has committed acts of infringement which have caused damage to FINOC.  Under 35 U.S.C. § 284, FINOC is entitled to recover from each of the Defendants the damages sustained by FINOC as a result of their infringement of the '560 patent. Each of the Defendants' infringement on FINOC's exclusive rights under the '560 patent will continue to damage FINOC causing irreparable harm, for which there is no adequate remedy of law, unless enjoined by this Court under 35 U.S.C. § 283.

## V.

## PRAYER FOR RELIEF

WHEREFORE, FINOC respectfully requests that this Court enter judgment and seeks relief against each of the Defendants as follows:

(a)     For a declaration that United States Patent No. 6,850,560 is good and valid in law;

(b)     For a judgment that each of the Defendants has infringed and will continue to infringe the '560 patent;

(c)     For preliminary and permanent injunctions under 35 U.S.C. § 283 against each of the Defendants and their respective directors, officers, employees, agents, subsidiaries, parents, attorneys, and all persons acting in concert, on behalf of, in joint venture, or in partnership with any of the Defendants enjoining any further acts of infringement;

(d)       For damages to be paid by each of the Defendants adequate to compensate

FINOC for their infringement, including interest, costs and disbursements as

justified under 35 U.S.C. 284; and

(e)       For such further relief at law and in equity as the Court may deem just and

proper.

## VI.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure Rule 38, Plaintiff FINOC hereby demands a jury

trial on all issues triable by jury.

Dated: February 5, 2009                    Respectfully submitted,


By/s/ Andrew W. Spangler
Andrew W. Spangler
TX State Bar No. 24041960
SPANGLER LAW P.C.
208 N. Green Street, Suite 300
Longview, Texas 75601
(903) 753-9300 Telephone
(903) 553-0403 Facsimile
E-mail: spangler@spanglerlawpc.com

Eugene M. Cummings
IL State Bar No. 556394
David M. Mundt
IL State Bar No. 6243545
David Lesht
IL State Bar No. 6180985
Martin Goering
IL State Bar No. 6286254
Konrad V. Sherinian
IL State Bar No. 6290749
Panasarn Aim Jirut
IL State Bar No. 6281877
EUGENE M. CUMMINGS, P.C.
One North Wacker Drive, Suite 4130
Chicago, Illinois  60606
(312) 984-0144 Telephone

(312) 984-0146 Facsimile
E-mail: ecummings@emcpc.com
E-mail: dmundt@emcpc.com
E-mail: dlesht@emcpc.com
E-mail: mgoering@emcpc.com
E-mail: ksherinian@emcpc.com
E-mail: ajirut@emcpc.com
E-mail: erynne@emcpc.com

Joseph M. Vanek
IL State Bar No. 6197046
Thomas A. Vickers
IL State Bar No. 6226288
David P. Germaine
IL State Bar No. 6274984
Jeffrey R. Moran
IL State Bar No. 6283573
VANEK, VICKERS & MASINI, P.C.
111 S. Wacker Drive, Suite 4050
Chicago, Illinois 60606
(312) 224-1500 Telephone
(312) 224-1510 Facsimile
E-mail: jvanek@vaneklaw.com
E-mail: tvickers@vaneklaw.com
E-mail: dgermaine@vaneklaw.com
E-mail: jmoran@vaneklaw.com

***Attorneys for plaintiff FINoC Design
Consulting Oy***